| | |
|---|---|
| 1 | JASON TURNER |
| 2 | **J. TURNER LAW GROUP, APC**<br>2563 Mast Way, Suite B<br>Chula Vista, California 91914 |
| 3 | Tel.: 619-684-4005<br>Fax: 619-872-0923 |
| 4 | Email: JTurner@jturnerlawgroup.com |
| 5 | |
| 6 | STEVEN COPE<br>**COPE LAW FIRM** |
| 7 | P.O. Box 1398<br>Portland, ME 04104<br>Tel: 207-772-7491 |
| 8 | Email: SCope@copelegal.com |
| 9 | *Attorneys for Plaintiff* |
| 10 | Bonita Valley Seventh-day Adventist Church |

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| BONITA VALLEY SEVENTH-DAY ADVENTIST CHURCH,<br><br>Plaintiff,<br><br>vs.<br><br>PETER LOMBARD, an individual; and INSOUCIANCE ABROAD, LLC, a limited liability company,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(Diversity Jurisdiction)**<br><br>**JURY TRIAL DEMANDED**<br><br>**DEMAND: $90,000** |

Comes now Plaintiff BONITA VALLEY SEVENTH-DAY ADVENTIST CHURCH and for a Complaint alleges against Defendants PETER LOMBARD and INSOUCIANCE ABROAD, LLC as follows:

## PARTIES

1. Plaintiff Bonita Valley Seventh-day Adventist Church is a nonprofit (religious) organization established under the laws of the state of California. It has its principal place of business in the state of California.

2. Defendant PETER LOMBARD is an individual who is domiciled in and a resident of the state of Maine.

3. Defendant INSOUCIANCE ABROAD, LLC is a limited liability company with its principal place of business located in Freeport, Maine. Plaintiff is informed and believes, and thereon alleges, that Insouciance Abroad, LLC is a limited liability company established under the laws of the state of Maine.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over the subject matter of this case pursuant to 28 U.S. Code Section 1332 because this is a diversity case. The Plaintiff's state of domicile or principal place of business is diverse and distinct from the state of residence or principal place of business of each of the Defendants.

5. This Court has personal jurisdiction over Defendants based on Fed. Rule of Civil Procedure 4(k).

6. Venue is proper in this district pursuant to 28 U.S. Code Section 1391(b) because the Defendants in this case reside in or have their principal place of base of business in this district and are subject to this Court's jurisdiction. Venue is also proper under said statute because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## FACTUAL ALLEGATIONS

7. Plaintiff is a religious nonprofit organization that operates a Seventh-day Adventist church in National City, California. Plaintiff organizes and operates many charitable and religious activities that further its mission as a Seventh-day Adventist church, among which activities are mission projects that Plaintiff plans and organizes for its individual members to

-2-

participate in. In early 2015, Plaintiff's duly appointed board approved a mission project for the members of Plaintiff's congregation to undertake to India; the mission project was to take place in December 2015.

8. In early 2015, Plaintiff's senior pastor contacted Defendant Peter Lombard, who represented that he was the owner and manager of Defendant Insouciance Abroad, LLC. Defendant Lombard represented to Plaintiff's pastor that Insouciance Abroad, LLC was a qualified travel agency that specialized in making travel arrangements for church mission projects such as the one that Plaintiff was planning.

9. On the basis of his conversations with Plaintiff's pastor, Defendant Lombard offered to make the travel arrangements for Plaintiff's India mission project. Defendants and Plaintiff then entered into a written agreement whereby Plaintiff hired Defendant Insouciance Abroad, to make the travel arrangements (airfare, accommodations, ground transportation, and insurance) for Plaintiff's India mission participants. A true and correct copy of said contract is attached hereto and marked as Exhibit A.

10. Between about March 2015 and November 2015, Defendant Lombard talked to Plaintiff's pastor by phone numerous times and repeatedly reassured the pastor that Lombard and Insouciance Abroad, LLC had secured the airfare for the mission participants. On the basis of Lombard's reassurances, between about March 2015 and July 2015, Plaintiff paid a deposit to Insouciance Abroad, LLC in the amount of $43,538 for travel arrangements for 22 individual mission participants.

11. In November 2015, Plaintiff's pastor requested from Defendants written confirmation of the travel arrangements that Defendants had promised they had made for Plaintiff. In particular, Plaintiff demanded written evidence of the tickets for the group's flight from California to India. Defendant Lombard again reassured Plaintiff's pastor that all the tickets had been booked and paid for, and promised to forward the tickets to Plaintiff in short order. However, neither Defendant did this.

12. In or about early December 2015, Plaintiff's pastor again demanded written evidence of the flight tickets that Defendants had promised to deliver. Defendant Lombard then

admitted that Defendants had not booked any of the required airfare for the India mission project. Defendant Lombard said he was still working to arrange the flights. A day or two later, Defendant Lombard sent what appeared to be booking confirmation codes for the flights to Plaintiff; however, when Plaintiff's personnel contacted the airline for which Defendants claimed they had booked and paid for tickets, the airline could not confirm these alleged confirmation codes. In effect, Defendants had failed to secure the flight tickets that Plaintiff had paid for, despite all the promises and representations of Defendants.

13. Plaintiff then rushed to make alternative travel arrangements for the mission group, and paid approximately $45,000 for airline tickets for the 22 participants. Plaintiff also paid for alternative ground transportation, accommodations and insurance. The mission project group departed from California to India on December 15, 2015 and returned on December 30, 2015.

14. After the mission project was completed, Plaintiff demanded that Defendants reimburse the $43,538 that Plaintiff had paid to Insouciance Abroad. Defendant Lombard promised to reimburse the amount in full, but to date has returned none of these funds to Plaintiff.

## FIRST CAUSE OF ACTION:
## (BREACH OF CONTRACT—AS TO
## INSOUCIANCE ABROAD, LLC)

15. Plaintiff repeats and realleges the allegations in paragraphs 1 through 14 of the Complaint as if stated fully herein.

16. In early 2015, Plaintiff entered into a written contract with Defendant Insouciance Abroad, LLC whereby Insouciance Abroad agreed and promised to arrange the airfare and other travel plans for Plaintiff's December 2015 India mission project.

17. Plaintiff has performed all its obligations under the parties' contract.

18. In or about December 2015, Defendant breached its written contract with Plaintiff by failing to secure and deliver airfare tickets for Plaintiff's mission participants' travel to India.

19. As a consequence of Defendant's breach of contract, Plaintiff has suffered damages in an amount equal at least to $43,538, which is the amount that Plaintiff paid to Defendant under the parties' contract.

WHEREFORE, Plaintiff prays judgment against Defendants as set forth hereinbelow.

## SECOND CAUSE OF ACTION

### (Fraud—As To All Defendants)

20. Plaintiff repeats and realleges the allegations in paragraphs 1 through 19 of the Complaint as if stated fully herein.

21. Between March and June 2015, Defendants Peter Lombard and Insouciance Abroad, LLC falsely and fraudulently represented to Plaintiff via phone calls and written correspondence that Defendants had secured flight tickets and other travel arrangements for Plaintiff's India mission participants. Defendants knew that these representations were false at the time these representations were made. In fact, Defendants never booked, secured and purchased tickets for Plaintiff's mission participants to travel from California to India.

22. On the basis of Defendants' false representations, the falsehood of which Plaintiff and Plaintiff's staff were unaware at the time, Plaintiff was induced to pay, and did pay to Defendant Insouciance Abroad, LLC a deposit of about $20,000 between March and June 2015.

23. In June and July 2015, Defendants again represented to Plaintiff that Defendants had secured the flight tickets and other travel arrangements for Plaintiff's India mission participants. These representations were false. Defendants had not obtained and secured any flight tickets for Plaintiff's group. Plaintiff is informed and believes, and thereon alleges, that Defendants Lombard and Insouciance Abroad, LLC intentionally misrepresented that they had secured and bought the flight tickets in order to induce Plaintiff to pay the rest of the contractually agreed-upon deposit. In or about July 2015, Plaintiff was induced to pay and did in fact pay an additional deposit to Defendant Insouciance Abroad, LLC, so that the total deposit paid by Plaintiff equaled $43,538.

24. Defendants never secured any flight tickets for Plaintiff's India mission group, but continued to misrepresent and falsely assure Plaintiff through the second half of 2015 that all travel arrangements had been booked and secured for Plaintiff's mission group.

25. Plaintiff relied on Defendants Lombard and Insouciance Abroad, LLC's representations, and paid the above-described total deposit of $43,538 to Defendants based on Plaintiff's reliance on Defendants' false representations. Plaintiff was entitled to rely on Defendants' representations because Defendants held themselves out as a reputable travel agency with experience in making and securing travel arrangements for church mission projects to destinations overseas. Plaintiff also relied on Defendants' representations because other organizations affiliated with the Seventh-day Adventist church had done business with Defendants in the past and recommended Defendants to Plaintiff.

26. As a result of the aforementioned fraudulent misrepresentations, Plaintiffs has suffered damages in terms of the loss of the deposit of $43,538 paid to Defendant Insouciance Abroad. Plaintiff has also suffered damages of more than $45,000 for the cost of making last-minute alternative travel arrangements (flights from California to India, accommodations, ground transportation, and insurance) when Defendant Peter Lombard admitted in early December 2015 that Defendants never bought the flight tickets for Plaintiff's mission group, plus credit card interest and other costs, all of which Plaintiffs will prove by evidence at trial.

WHEREFORE, Plaintiff prays judgment against Defendants as set forth hereinbelow.

### THIRD CAUSE OF ACTION:
### (Conversion—As To All Defendants)

27. Plaintiff repeats and realleges the allegations in paragraphs 1 through 26 of the Complaint as stated fully herein.

28. Conversion occurs where one party wrongfully exerts dominion over the personal property of another.

29. Plaintiff paid a large deposit of funds to Defendant Insouciance Abroad, LLC between March and July 2015, which deposit totaled $43,538, which Defendants agreed to use for

-6-

payment of travel arrangements for Plaintiff's India mission participants. After Defendant Lombard admitted that Defendants had never booked the promised travel arrangements, Plaintiff between December 2015 and April 2016 demanded a refund of the foregoing deposit, because Defendants completely failed to secure the travel arrangements that Defendants induced Plaintiff to pay for with the above-described funds.

30. Plaintiff is informed and believes, and alleges thereon, that Defendant Peter Lombard is the sole owner/member of Insouciance Abroad, LLC and, at all times relevant hereto, exerted total and complete control over said LLC and all property and assets received by the LLC, including Plaintiff's entire deposit. Moreover, Defendant Lombard made the representations that induced Plaintiff to pay the deposit, as well as the above-described false representations that his LLC had successfully booked and secured flight tickets for Plaintiff's mission group. Because of these facts, Defendant Lombard has participated with Insouciance Abroad, LLC in the conversion of Plaintiff's deposit and, like the LLC, is liable therefor.

31. Defendants intentionally and without legal excuse failed or refused to return the deposit that should be refunded. This amount is a sum certain.

32. As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages in the amount of $43,538, plus an additional approximately $45,000 for costs incurred by Plaintiff as a result of Defendants' refusal to return the deposit.

WHEREFORE, Plaintiff prays judgment against Defendants as set forth hereinbelow.

## FOURTH CAUSE OF ACTION

### (Negligent Misrepresentation—As to All Defendants)

33. Plaintiff refers to and incorporates Paragraphs 1 through 32 as though fully set forth herein.

34. When Defendants Peter Lombard and Insouciance Abroad LLC communicated with Plaintiff regarding the proposed travel plans that Defendants offered to arrange for Plaintiff, Defendants, and each of them, owed a duty to Plaintiff to deal with and communicate with Plaintiff in a reasonably prudent manner.

35. Between March and December 2015, Defendants breached their duty of care to Plaintiff when Defendants made repeated assurances to Plaintiff's personnel that Defendants had secured flight tickets and other travel arrangements for Plaintiff and with the large deposit of money that Plaintiff had paid to Defendants. When Defendants made the above-described assurances, they either knew that their assurances were false or had no reasonable basis for making such statements. Contrary to their assurances to Plaintiff, Defendants never secured flight tickets or other travel arrangements for Plaintiff's India mission project.

36. As a proximate result of Defendants' negligent misrepresentations, Plaintiff has suffered damages which Plaintiff will prove by evidence at trial.

## CLAIMS FOR RELIEF

**WHEREFORE,** Plaintiff prays judgment against Defendants for the following relief:

### First Cause of Action
### Breach of Contract—As to Insouciance Abroad, LLC

1. Contractual damages equal to $43,538.
2. Statutory civil damages as authorized by law;
3. Attorney's fees and costs;
4. Any other and further relief that the Court deems proper and just.

### Second Cause of Action
### Fraud—As To All Defendants

1. Damages in an amount of $90,000, including $45,000 for the deposit paid by Plaintiff to Defendants and additional damages resulting from Defendants' fraud;
2. Statutory civil damages as authorized by law;
3. Attorney's fees and costs;
4. Any other and further relief that the Court deems proper and just.

### Third Cause of Action
### Conversion—As to All Defendants

1. Damages in the amount of $90,000, including the $43,538 deposit paid to Defendants and more than $45,000 in additional damages suffered by Plaintiff.
2. Statutory civil damages as authorized by law;
3. Attorney's fees and costs;
4. Any other and further relief that the Court deems proper and just.

### Fourth Cause of Action
### Neg. Misrepresentation—As To All Defendants

1. Damages in an amount of $90,000, including $45,000 for the deposit paid by Plaintiff to Defendants and additional damages resulting from Defendants' fraud;
2. Statutory civil damages as authorized by law;
3. Attorney's fees and costs;
4. Any other and further relief that the Court deems proper and just.

Plaintiff, then, requests a Judgment against Defendants for the relief described hereinabove.

Dated: October 3, 2016

J. TURNER LAW GROUP, APC


By  /s/ Jason E. Turner
*Attorney for Plaintiff*